(No. 81-CC-1610– 

ILLINOIS HEATING & VENTILATING COMPANY, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 1, 1981.*

GRANT & SCHENCKER, P.C., for Claimant.

TYRONE C. FAHNER, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

The Claimant, Illinois Heating & Ventilating Co., Inc., seeks a recovery in the Court of Claims based upon a contract with the Capital Development Board.

The parties have entered into negotiations and have settled and compromised each of the issues and items of damages claimed by the Claimant. Based upon said negotiation the parties have executed a joint stipulation of facts as follows:

1. That this claim arises out of services performed

by Claimant for the Capital Development Board in the Addison Specialized Living Center construction project during the years of 1978, 1979 and 1980.

2. That as a result of various problems which arose between Respondent and its general contractor, the entire project was considerably delayed.

3. That the delay was unreasonable and not attributable to any act of the Claimant, but, rather, attributable to acts or omissions of Respondent.

4. That notwithstanding the delay, Claimant performed its services in accordance with the contract.

5. That as a direct result of the delay, Claimant incurred greater costs in the performance of its work than it would have if the delay had not occurred.

6. That both parties agree that the delay caused Claimant to suffer damages in the amount of $29,500.00.

7. That both parties agree to the granting of an award in the amount of $29,500.00 to Claimant, and that said award will constitute full and final satisfaction of the claim herein.

8. That Claimant, in receiving the above award, agrees to relinquish and waive any right to additional damages from Respondent incurred in its performance of the contract which is the subject of this claim.

9. That Claimant, by its acceptance of the above award furthermore releases Respondent from any further liability arising out of or on account of the services performed under this contract.

10. That no other evidence, oral or written, will be presented to the Court in this claim.

11. That both parties waive hearing and the filing of briefs.

The Court has reviewed the facts set forth in the joint stipulation and considered the legal issues to be determined. It appears that the stipulation is accurate and that it has been entered into legitimately.

It also appears that the facts agreed upon are sufficient to sustain Claimant's cause of action and that the granting of an award would be fair and consistent with the findings.

While the Court is necessarily limited in its findings of fact to those presented to it by the parties, it is not bound by a stipulation between the parties as to the amount to be awarded, just as it is not bound by such a stipulation in its findings of law.

It is the opinion of the Court, however, that based upon the undisputed facts before it, that the Respondent is liable to Claimant.

The Court also is of the opinion that an award of $29,500.00 (twenty nine thousand five hundred and 00/100 dollars) is fair and reasonable based upon the negotiations settlement and compromise of the parties.

It is hereby ordered the Claimant be and the same is hereby awarded the sum of $29,500.00 (twenty nine thousand five hundred and 00/100 dollars).